**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

JONES HOMES, INC.,
Plaintiff

v.                                                                     Civil Action No.: **3:20-cv-00929-JAG**

TOUCH OF COLOR FLOORING, INC.,
Defendant
Serve:
Clerk of State Corporation Commission as statutory agent
for Touch of Color Flooring, Inc.


**JURISDICTION AND VENUE**

1. This Complaint states causes of action under state law.  This Court has diversity jurisdiction under 28 U.S.C. §1332 for the following reasons.  The amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorney's fees.  Plaintiff Jones Homes, Inc. (Jones or Plaintiff) is a corporation incorporated in and established under the laws of the Commonwealth of Virginia with its principal place of business in the Commonwealth of Virginia.  Jones is a citizen of the Commonwealth of Virginia and of no other state.  Jones is not a citizen of the State of Pennsylvania.

2. Touch of Color Flooring, Inc. (TOC) is a corporation incorporated in and established under the laws of the State of Pennsylvania.  Its principal place of business is in the State of Pennsylvania.  TOC is a citizen of the State of Pennsylvania and of no other state.  TOC is not a citizen of the Commonwealth of Virginia.

3. The actions complained of in this Complaint (more specifically breaches of written contracts to install flooring and related products) occurred in the jurisdictions within the Richmond Division of this Court.  Venue is therefore proper in this district and division.

## ALLEGATIONS OF FACT

4. Jones is a general contractor and builder of quality custom residences.

5. TOC is a contractor licensed by the Department of Professional and Occupational Regulation and served as a subcontractor to Jones in the construction of residences within this Division.

6. TOC provided to Jones hardwood flooring, tiling and related services and materials in the construction of residences that Jones built for its own customers within this Division.

7. For each of the residences for which TOC provided materials, TOC sent to Jones a proposal identical in form to Exhibit 1 (TOC Proposal).

8. Jones then finalized the agreement between TOC and Jones by sending to TOC a purchase order identical in form to Exhibit 2 (Jones Purchase Order).  Exhibit 1 and Exhibit 2 are collectively referred to as the Contract Documents.

9. The materials and services (including installation) that TOC provided Jones were defective in quality and workmanship and did not comply with the Contract Documents.

10. As a result, in order to comply with its contracts with its own customers, Jones has had to repair (and sometimes replace) the materials and to correct deficient workmanship in the services that TOC provided to Jones.

11. In addition, TOC failed to complete its work on the residences under contract with Jones in the times set by the Contract Documents. TOC has also failed to return to perform repairs or corrections to the materials provided to Jones.

12. As a result, Jones has been forced to use its own employees or to hire other contractors to repair or replace the materials provided by TOC and/or to correct deficiencies in the services and workmanship of TOC.

13. As a result of TOC's failure to complete its work within the time required by the Contract Documents, Jones has been unable to complete the sale of residences under contract to its own customers causing Jones damages in the form of additional interest carry and other indirect costs.

## COUNT I-BREACH OF CONTRACT

14. Jones incorporates by reference the allegations of Paragraphs 1-13 above into this Count I.

15. TOC's actions as described above constitute a breach of TOC's obligations to Jones under the Contract Documents and have caused Jones damages which include, but are not limited to the following:

    i. Cost to repair or to replace defective materials or materials that did not comply with the Contract Documents;

    ii. Cost of hiring subcontractors to complete or to repair TOC's incomplete or defective materials or workmanship;

    iii. Additional interest cost in caring the debt on properties which Jones had under contract to its own customers but was unable to sell to its own customers because of TOC's failure to complete its work within the time required by the Contract Documents;

    iv.    Delay damages owed by TOC to Jones under the liquidated damages provisions of the Contract Documents; and

    v.    Attorney's fees and costs as provided for in the Contract Documents.

## JURY DEMAND

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

For the reasons stated above, Plaintiff prays for the following relief:

1. An award of compensatory damages of $200,000 or as determined by the evidence;

2. An award of liquidated damages;

3. Interest as permitted by applicable law;

4. Attorney's fees, costs and other related expenses of litigation;

5. An award of its taxable costs as permitted by applicable law; and

6. All other relief to which Jones may be entitled.

    JONES HOMES, INC.
By: /s/ C. Jay Robbins, IV

C. Jay Robbins, IV, VSB 22847
C. Jay Robbins, IV P.C.
8003 Franklin Farms Road
Suite 233
Richmond, VA 23229
Direct Dial 804.299.4208
Fax 804.774.7527
Email cjr@robbins.legal